The Honorable Jim Milum State Representative 607 Skyline Dr. Harrison, Arkansas 72601-2309
Dear Representative Milum:
This official Attorney General opinion is issued in response to a question that you have presented concerning the eligibility of quorum court members to vote on certain issues.
Through documentation attached to your correspondence, you indicate that your question arises out of a situation involving a vote that is to come before the Boone County Quorum Court on the issuance of $10 Million in bonds to be used to make improvements to the North Arkansas Medical Center in Harrison.
You further indicate that a question has arisen as to whether two of the quorum court members are eligible to vote on this issue. One of the members in question is married to a person who works for the medical center. The other is a vice-president for a bank where the hospital recently deposited $100,000.00. Apparently, there is some concern that these two quorum court members' votes on the bond issue may be unduly influenced — the first member, by the possibility of a promotion or a raise, and the second, by the hospital's deposit with his bank.
In light of the foregoing scenario, you have presented the following question:
 Should these two quorum court members abstain from voting on the bond issue?
It is my opinion that the question of whether these two members should abstain from voting on the bond issue will depend upon certain facts that are unknown to me at present.
The situation that you have described is governed by the provisions of A.C.A. § 14-14-1202, which states in pertinent part:
 14-14-1202. Ethics for county government officers and employees.
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit. . . .
A.C.A. § 14-14-1202.
The two quorum court members in question should abstain from voting on the bond issue if their individual, personal economic interests would be advanced by such a vote other than incidentally. However, it is unclear at present whether the bond issue that is to be voted on by the quorum court would, in fact, advance the individual, personal economic interests of these two members (or their family members) in a manner that is not strictly incidental. It should be noted that the question of whether these members' personal economic interests have been advanced is a question of fact that can be determined only from a consideration of all of the attendant circumstances. I am not authorized to engage in factual determinations.
I am authorized to point out, however, that if, as a matter of fact, the bond issue would result in the advancement of the individual, personal economic interests of either of these two quorum court members, they must, under the law, abstain from voting on the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh